Case 1:19-cr-00280-JRS-MG   Document 222   Filed 09/04/24   Page 1 of 10 PageID #: 3294

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No: 1:19-cr-00280-01 |
| Edwin Agbi a/k/a Kareem Sunday ) | |
| ) | USM No: 17068-028 |
| Date of Original Judgment: 8/25/2022 ) | |
| Date of Previous Amended Judgment: ) | Jacob D. Leon |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of  ☒ the defendant  ☐ the Director of the Bureau of Prisons  ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ **DENIED.**  ☐ **GRANTED** and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated  08/25/2022  shall remain in effect.
**IT IS SO ORDERED**.

Order Date:  09/04/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

Honorable James R. Sweeney, II
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-0280-JRS-MG |
| | ) | |
| EDWIN AGBI, a/k/a Kareem Sunday, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**Order on Motion for Sentence Reduction**

Edwin Agbi was sentenced to 57 months' imprisonment after being found guilty of one count of Mail Fraud in violation of 18 U.S.C. § 1341, one count of Use of Fictitious Name in Furtherance of Mail Fraud in violation of § 1342, one count of Conspiracy to Commit Mail Fraud in violation of §§ 1341 and 1349, and one count of Conspiracy to Commit Money Laundering in violation of §§ 1956(a)(1) and (h). (J. 1–2, ECF No. 178.) The Seventh Circuit affirmed his conviction and sentence. *United States v. Agbi*, 84 F.4th 702, 711 (7th Cir. 2023). This matter is now before the Court on Agbi's motion to reduce his sentence under 18 U.S.C. § 3582, USSG § 1B1.10, and Amendment 821 to the Sentencing Guidelines. (ECF No. 213.) The motion is **denied**. The Government's Motion to File Surreply, (ECF No. 218), is **denied as moot**.

## I.     Background

Agbi and another person, Angeles Palacios, posed as "Elizabeth Stevens," a fictitious widow looking for love on the dating website OurTime. (Presentence Investigation Report ¶ 8, ECF No. 166.) The victim of this scam, E.M., began talking to this fictitious widow, considered her his girlfriend, and "[o]ver the span of a year,

[E.M.] forwarded his entire 401(k) account, valued at approximately $400,000, to multiple individuals as directed by" who he believed to be Elizabeth Stevens. (*Id.*) E.M. believed Palacios and Agbi were friends of Stevens who were "assisting him in forwarding funds to [her] while she was in Egypt." (*Id.*) E.M. sent a total of $50,000 to Agbi as well as gift cards and blank checks. (*Id.* ¶ 29; Tr. Trial 219, ECF No. 198.) E.M. suffered substantial financial hardship because of the scheme. (PSR ¶ 44, ECF No. 166.)

Agbi was convicted at trial and sentenced to 57 months' imprisonment. At sentencing, the Court adopted the presentence investigation report prepared by the U.S. Probation Office with a minor clerical correction. Agbi was convicted on four counts total. Under USSG § 3D1.2(d), Counts 1, 2, and 3 were all grouped together for offense level computation because the offense level computations are determined based on an aggregate harm, and the offense guideline is written to cover such behavior. These three counts were Group 1. (Presentence Investigation Report ¶ 41, ECF No. 166.) Count 4 was Group 2. (*Id.*) Under USSG § 3D1.2(c), Groups 1 and 2 were combined because Group 1 embodied conduct treated as an adjustment to the guideline applicable to Group 2. (*Id.*) The offense level was determined by using the group with the highest adjusted offense level. (*Id.*)

The base offense level for Group 1 was 7 because Counts 1 and 3 had statutory maximum terms of imprisonment of 20 years. (*Id.* ¶ 42.) Ten levels were added pursuant to USSG § 2B1.1(b)(1)(F) because the loss was between $150,000 and $250,000. (*Id.* ¶ 43.) Two levels were added under USSG § 2B1.1(b)(2)(A)(iii) because

2

the offense resulted in substantial financial hardship to victim E.M. (*Id.* ¶ 44.) Two levels were added under USSG § 2B1.1(b)(10)(B) because a substantial part of the fraud was committed from outside the United States. (*Id.* ¶ 45.) Finally, two levels were added under USSG § 3C1.1 because Agbi was found to have willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice. (*Id.* ¶ 48.) The adjusted offense level for Group 1 was 23. (*Id.* ¶ 49.)

The base offense level for Group 2 was 21 because that was the offense level for the underlying offense from which the laundered funds were derived. (*Id.* ¶ 50.) Two levels were added under USSG § 2S1.1(b)(2)(B) because Agbi was convicted under 18 U.S.C. §§ 1956(a)(1) and (h). (*Id.* ¶ 51.) As with Group 1, two levels were added for obstruction of justice. (*Id.* ¶ 54.) The adjusted offense level for Group 2 was 25; therefore, the total offense level was 25. (*Id.* ¶¶ 55, 59.) With a criminal history category of I, the guideline range was 57 to 71 months' imprisonment. (*Id.* ¶ 71.) The Court imposed a sentence of 57 months.

## II.     Legal Standard

The Court may modify an imposed sentence of imprisonment under 18 U.S.C. § 3582(c)(2) to reflect changes in the sentencing guidelines where authorized by policy statements from the Sentencing Commission. The policy statement at USSG § 1B1.10 provides that the Court "may reduce" a defendant's sentence to reflect certain amendments to the Sentencing Guidelines. Those amendments are set forth in § 1B1.10(d). Amendment 821, Part B, "Zero-Point Offenders," allows a two-level reduction in offense level to certain offenders with no prior criminal history. The

3

Court must consider the 18 U.S.C. § 3553(a) factors in deciding whether and how to reduce a sentence. 18 U.S.C. § 3582(c)(2); USSG § 1B1.10, comment (n.1(B)).

Relevant here is USSG § 4C1.1(a)(6): a defendant is ineligible for Amendment 821 if, despite having zero criminal history points, he "personally cause[d] substantial financial hardship." This is determined independently of the offense level enhancement for financial hardship under USSG § 2B1.1(b)(2). USSG § 4C1.1, comment (n.1). The court "may not make factual findings that are inconsistent with those made during the original sentencing," but may "mak[e] new findings that are supported by the record and not inconsistent with the findings made in the original sentencing determination." *United States v. Hall*, 600 F.3d 872, 876 (7th Cir. 2010). The Guidelines instruct the court to consider the factors listed in Application Note 4(F) to § 2B1.1, which provides that

> In determining whether the offense resulted in substantial financial hardship to a victim, the court shall consider, among other factors, whether the offense resulted in the victim—
> (i) becoming insolvent;
> (ii) filing for bankruptcy under the Bankruptcy Code (title 11, United States Code);
> (iii) suffering substantial loss of a retirement, education, or other savings or investment fund;
> (iv) making substantial changes to his or her employment, such as postponing his or her retirement plans;
> (v) making substantial changes to his or her living arrangements, such as relocating to a less expensive home; and
> (vi) suffering substantial harm to his or her ability to obtain credit.

USSG § 2B1.1, comment (n.4); USSG § 4C1.1(b)(3).

4

The Parties disagree on who bears the burden of proof, with each placing it on the other. (*See* Gov't's Opp. 4, ECF No. 216; Def.'s Reply 5, ECF No. 217.) Though the Seventh Circuit has not addressed this particular question, the law is on the Government's side that it is Agbi's responsibility to show that he was not personally responsible for the substantial financial loss.

In general, a defendant bears the burden of showing that their offense level—and thus guidelines range—should be decreased. *See United States v. Jones*, 55 F.3d 289, 294 (7th Cir. 1995) (acceptance of responsibility); *United States v. Sandoval-Velazco*, 736 F.3d 1104, 1106 (7th Cir. 2013) (minor role); *United States v. Gresso*, 24 F.3d 879, 880 (7th Cir. 1994) (firearm for lawful purposes). In cases considering motions for sentence reductions based on 18 U.S.C. § 3582(c)(2) and amendments to the Sentencing Guidelines, other circuits have held that it is the defendant's task to establish that they are eligible for a reduction. *See, e.g.*, *United States v. Jones*, 836 F.3d 896 (8th Cir. 2016) ("It is the defendant's burden to establish that he warrants a § 3582(c)(2) reduction."); *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998) (outlining burden-shifting approach whereby defendant bears burden of showing amendment applies, then government bears burden of establishing base offense level); *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) ("[A] defendant, as the § 3582(c)(2) movant, bears the burden of establishing that a retroactive amendment has actually lowered his guidelines range."). Finally, the Seventh Circuit has held that the defendant bears the burden of proof when they

5

move for compassionate release under 18 U.S.C. § 3582(c)(1)(A). *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

### III. Discussion

Agbi argues that Amendment 821 should give him a two-level reduction as a zero-point offender. (Mot. 2, ECF No. 850.) The Government argues that although Agbi did not have any criminal history points, he "personally cause[d] substantial financial hardship" and is therefore ineligible for Amendment 821. USSG § 4C1.1(a)(6); (Gov't's Opp. 3, ECF No. 216.) Agbi counters that while the offense resulted in substantial financial hardship, he "did not *personally cause* E.M.'s substantial financial hardship." (Mot. 15, ECF No. 213 (emphasis in original).)

Causation involves two separate tests: but-for causation and proximate causation. *See United States v. Whiting*, 471 F.3d 792, 802 (7th Cir. 2006). Both are necessary to prove causation. *Id.* To show a lack of causation, then, Agbi must establish by a preponderance of the evidence that either he was not the but-for cause of E.M.'s financial hardship or that he was not the proximate cause of it. (*See* Gov't's Opp. 16, ECF No. 216) ("For the purposes of this case only, the United States reads that ambiguity in Agbi's favor. Because the word 'cause,' as used here, envisions culpability only when both understandings of the word occur, Agbi is not culpable if he can show that he is either not the but-for cause or not the proximate cause.").

Agbi has shown by a preponderance of the evidence that he was not the but-for cause of E.M.'s hardship. The Government argues that it is unknown "how much money would have saved E.M. from any substantial financial hardship." (Gov't's Opp.

6

10, ECF No. 216.)  This is true enough; it is always going to be difficult to tell which straw broke the camel's back.  Without Agbi's actions, though, it is more likely than not that E.M. still would have suffered a substantial financial hardship: "But for the $50,000 loss, E.M. would still have lost at least 93% of his 401k account ($750,000 out of more than $800,000), had the same credit-card issues, had to make the same changes to his living arrangements, and had to file bankruptcy."  (Mot. 16, ECF No. 213 (citing PSR ¶ 33, ECF No. 166).)  The record therefore supports a finding that Agbi did not personally cause substantial financial hardship to victim E.M.  Agbi is eligible for a two-level reduction in offense level under Amendment 821, Part B, and his new offense level is 23, and his guidelines imprisonment range is 46 to 57 months.

### IV.     Section 3553(a) Factors

A reduction in Agbi's sentence is permissible because the guidelines imprisonment range has been lowered; therefore, the Court must analyze whether a sentence reduction is warranted based on the factors enumerated in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 827 (2010).

A sentence of imprisonment is final, to be modified only in limited circumstances. 18 U.S.C. § 3582(b); *Dillon v. United States*, 560 U.S. 817, 824 (2010).  Taking into account the § 3553(a) factors, the Court found at the original sentencing that a 57-month sentence of imprisonment was appropriate, and it will not now disturb this finding.  Agbi filed several objections to the guidelines calculation in the Presentence Investigation Report in advance of sentencing.  (PSR 22–24, ECF No. 166.)  The Court overruled each.  (*See* Tr. Sentencing 82, ECF No. 188.)  At sentencing, the Court noted

that "even [if it] sustained all of the defendant's objections," a sentence of 57 months would be "sufficient but not greater than necessary based on . . . the [§] 3553(a) factors," even though it would have been a variance if all the reductions had been incorporated. (*Id.*)  With the new guidelines range of 46 to 57 months, the sentence is still within the advisory guidelines.  Nothing has changed about Agbi's history and characteristics, the seriousness of his offense, the need to protect the public and deter future criminal conduct, or the need to provide Agbi with both appropriate punishment and appropriate rehabilitation.  *See* 18 U.S.C. § 3553(a).  Therefore, the Court does not find it appropriate to reduce his sentence.

## V.  Conclusion

The Court finds that Amendment 821 is applicable and reduces Agbi's offense level to 23.  However, the Court does not find it appropriate to reduce Agbi's sentence in consideration of the § 3553(a) factors.  Agbi's Motion to Reduce Sentence, (ECF No. 213), is **denied**.  The Government's Motion to File Surreply, (ECF No. 218), is **denied as moot**.

**SO ORDERED.**

Date: 09/04/2024

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by U.S. Mail to:

Edwin Agbi
Reg. # 17068-028
FCI Milan
Federal Correctional Institution
P.O. Box 1000
Milan, MI 48160

Distribution by CM/ECF to all counsel of record